Nicholson, C. J.,
delivered the opinion of the court:
This is a suit by T. W. Brown for the use of the state against Daniel Ames as indorser of a note of about $621, made by Nevils and Eose, and indorsed by Ames, and discounted by The Tennessee National Bank. Judgment was rendered against Ames for the amount of the note and interest.
The question as to the liability of Ames on his indorsement was left to the jury upon a proper charge, and th¿y have given credit to the evidence going to show that notice of non-payment, etc., was waived.
Ames put in a. plea denying that the plaintiff was the owner of the note, and it was still the property of the National Bank. The issue on this plea was found in favor of the plaintiff, and the proof sustains the finding.
*578 It appeals that tbe note was made profert of in the declaration, but that it was lost or mislaid at the trial. Its loss ivas accounted for by the testimony of the counsel of plaintiff. This was sufficient to authorize the reception of evidence of its contents.
Defendant requested the court to instruct the. jury “that if they find from the evidence that on the ev© or within about two days of the insolvency of the bank, certain notes and assets of the bank, including the note here sued on, and which were then the property of the -bank, were transferred to certain agents of the State of Tennessee, for the use and benefit of the state, and on the eve of insolvency, or actually insolvent, then such transfer was in law and in fact null and void, and conveyed no. title to> the paper sued on to the present plaintiff, the State of Tennessee, and if the jury find these facts they will find in favor of the defendant.”
The court declined to give the instruction, and this is relied on as error. As between the defendant and the state, the assignee of the note, the bank had the right to transfer and deliver the note to the officers of the state, and as between them the assignment was effectual; whether it was void against the receiver of the bank or its other creditors is not a question raised by anything in the record. There was, therefore, no error in the refusal of the court to give the instruction.
There is no error in the record, and the judgment is affirmed.